## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MATTHEW C. LITTON,<br>　　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF JUSTICE,<br>　　　　　　Agency. | DOCKET NUMBER<br>DC-0752-14-0353-X-1<br>DC-0752-14-0353-C-1<br><br><br>DATE:  February 19, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christine Kumar</u>, Esquire, and <u>Kristin Alden</u>, Esquire, Washington, D.C.,
　　for the appellant.

<u>Drew Ambrose</u>, Esquire, <u>Monica Hansen</u>, Esquire, <u>Marisa C. Ridi</u>, Esquire,
　　and <u>Chad Y. Tang</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

　　The administrative judge issued a compliance initial decision finding the agency in noncompliance with the decision in the underlying appeal and granting the appellant's petition for enforcement. *Litton v. Department of Justice*, MSPB

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Docket No. DC-0752-14-0353-C-1, Compliance File, Tab 15, Compliance Initial Decision (CID). Following the appellant's petition for review, the Board affirmed the compliance initial decision. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-0353-C-1, Order (Sept. 30, 2024) (Order). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement and associated petition for review.

**DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE**

On March 30, 2023, the administrative judge issued a compliance initial decision finding the agency partly noncompliant with the Board's final order in the underlying matter. Specifically, the administrative judge found the agency noncompliant with its obligation to pay the appellant back pay, with interest, and benefits, for the time period January 24-31, 2012. CID at 11-12.

The appellant filed a petition for review of the compliance initial decision[2] and the compliance initial decision in a separate enforcement matter, *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-C-1 (0111-C-1). The Board joined these matters and, on September 30, 2024, issued a single order affirming both compliance initial decisions. Order at 13. The Board stated that its order finally resolved the 0111-C-1 matter but referred *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-0353-C-1 (0353-C-1), for continued enforcement proceedings in the already-docketed compliance referral matter, *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-0353-X-1 (0353-X-1). *Id*.; Compliance Referral File (CRF), Tab 2.

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, on a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(a)(6).

On May 2, 2023, prior to the issuance of the Order that resolved the 0111-C-1 matter and affirmed the compliance initial decision in the 0353-C-1 matter, the agency filed a notice of compliance in the 0353-X-1 matter. Therein, the agency stated that it had calculated and paid back pay, with interest, and benefits, for the time period ordered by the compliance initial decision (January 24-31, 2012). CRF, Tab 1 at 4. Because the appellant had not responded to this submission, the Board ordered a response. CRF, Tab 4.

On December 5, 2024, the appellant filed his response, affirming that the agency had paid the required amount of back pay and that the appellant no longer challenged the agency's compliance in this matter. CRF, Tab 5 at 3.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

As explained above, the agency has submitted evidence that it has complied with its single outstanding back pay obligation, and the appellant states that he no longer challenges the agency's compliance. CRF, Tabs 1, 5.

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

In light of the foregoing, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement and associated petition for review. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in

part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.